**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000118
10-NOV-2011
08:12 AM**

NO. CAAP-10-0000118

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

IN THE INTEREST OF WR AND KL

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-S NO. 09-00731)

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Father-Appellant (Father) appeals from the Order Terminating the Parental Rights of [Father] and [Mother] and Awarding Permanent Custody filed on September 29, 2010 in the Family Court of the Fifth Circuit[1] (family court).

## I.    BACKGROUND

On October 2, 2009, Petitioner-Appellee the Department of Human Services (DHS) filed a Petition for Foster Custody and Family Supervision over WR and KL (the Children).  KL is the natural child of Father, and the father of WR is unknown.  At the time of the petition, Mother was in a treatment program and Father was facing further incarceration.

On October 12, 2009, the family court issued an Order Awarding Temporary Foster Custody, Temporary Family Supervision and Setting the Matter for Continued Hearing, granting temporary foster custody and family supervision over the Children to DHS.

---

[1]  The Honorable Calvin K. Murashige presided.

The family court granted Father and Mother's request for a continuance to find and retain counsel.

On December 1, 2009, DHS filed an Ex Parte Motion to Set the Matter for Extraordinary Review Hearing to change the status of the Children. DHS alleged that Father had recently been sentenced to five years of imprisonment and was incarcerated and Mother had recently relapsed into substance abuse and had also been incarcerated.

At a hearing on April 1, 2010, Michael Soong appeared on behalf of Father, who did not appear because he was incarcerated. The court clerk's minutes for April 1, 2010 show that "Mr. Soong stated that Father's minimum term may be one year 8 months" and the family court "noted that parents may participate by telephone at the upcoming hearings." On April 6, 2010, the family court entered an Order Continuing Foster Custody and Setting the Matter for an Order to Show Cause Hearing, which hearing the court ordered all parties to attend on May 27, 2010.

At the May 27, 2010 hearing, Father was not present, but was represented by Mr. Soong. The court clerk's minutes for May 27, 2010 state:

> Mr. Soong stated that he once represented both Mother &
> Father and that they are going to divorce each other.
> Because of this, Mr. Soong feels that there is a conflict of
> interest and will be moving to withdraw as counsel for
> Father. Also, no minimum term has been established for
> Mother as of yet. Court instructed Mr. Soong to file an Ex
> Parte Motion to Withdraw as Counsel and give [Father]
> notice. Once the motion to withdraw is granted, [Father]
> can apply for the services of an attorney and if he
> qualifies, one will be appointed. Mrs. Hasegawa shall
> provide an application for counsel to Mr. Soong and
> Mr. Soong will be responsible for providing said application
> to [Father].

On May 28, 2010, the family court filed an Order Continuing Existing Orders and Setting the Matter for Permanency Planning, ordering all parties to appear on August 26, 2010 for a Permanent Plan hearing.

The court clerk's minutes for the August 26, 2010 hearing state:

Mr. Soong stated that Father is presently in Suaro [sic] in Arizona. He represented at the last hearing that he represented both parties in criminal matters and now that parties are getting a divorce and this case concerns their children, he would have a conflict and will be moving to withdraw. He was informed to contact Father and file and [sic] ex parte motion. He indicated that he did speak to Father about two weeks ago who indicated that he would be either submitting an application for CCA or retaining private counsel. Mr. Soong stated that he will be filing an Ex Parte Motion to Withdraw as Counsel.

The court continued matter to 9/23/2010 at 1 pm.

The court clerk's minutes for September 23, 2010 state:

Mr. Soong moved to withdraw as counsel for [Father] and presented argument. State had no objection to Mr. Soong's request to withdraw. Court granted the oral motion.
. . . .

Mr. Goo [the Deputy Attorney General] requested the following findings & order: that the existing service plan and prior award of foster custody be revoked; that [Father] be defaulted for his non-appearance at today's hearing; that the parental and custodial duties and rights of [Mother], [Father] and Unknown Father be divested; that DHS be awarded permanent custody; that [TC] be made a party to the above-entitled proceedings and be appointed foster parent; that each term set forth in Permanent Plan #1 dated 8/26/10 be ordered and attached as Exhibit "a" and made a part of this order; that all previous exhibits entered into evidence be admitted provided that the parties reserve the right to cross-examination thereon; that [Father] and [Mother] be dismissed as parties to this case; that Rosa Flores be thanked and excused as counsel for mother; that the Review Hearing that's scheduled for 9/30/10 at 1 p.m. be vacated and that all remaining parties return for a periodic review hearing on 3/17/11 at 1 p.m. Court ordered the findings as requested by the State as well as the Order as proposed.

[Guardian Ad Litem] Ms. Baki noted that it's very important that the children remain together.

Court noted that [Father] was given ample notice of this hearing and was given a[n] opportunity to apply for a court appointed attorney in sufficient time to submit his application and non [sic] was turned in. Court found that reasonable efforts were made to allow [Father] to still be a party in this matter but he has not taken advantage of said opportunity.

On September 29, 2010, the family court issued an Order Terminating the Parental Rights of [Father] and [Mother] and Awarding Permanent Custody. The family court ordered that Father was defaulted for non-appearance and "was provided notice and an application for court appointed counsel and none was received."

Father filed a Notice of Appeal on October 29, 2010.

3

The family court issued its Findings of Fact on November 17, 2010.

## II.   DISCUSSION

"The sanction of a default or default judgment is a harsh one."  In re TW, 124 Hawai'i 468, 472, 248 P.3d 234, 238 (App. 2011) (quoting Rearden Family Trust v. Wisenbaker, 101 Hawai'i 237, 254, 65 P.3d 1029, 1046 (2003)).  In In re TW, this court stated:

> The United States Supreme Court has stated that it is "plain beyond the need for multiple citation that a natural parent's desire for and right to the companionship, care, custody, and management of his or her children is an interest far more precious than any property right" and constitutes a "fundamental liberty interest." *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) (internal quotation marks and citation omitted). "The rights to conceive and to raise one's children have been deemed essential [and] basic civil rights of man . . . ." *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972) (internal quotation marks and citation omitted).  The United States Supreme Court has further observed that "parental termination decrees are among the most severe forms of state action," *M.L.B. v. S.L.J.*, 519 U.S. 102, 128, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996), and that "[a] parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one." *Lassiter v. Department of Social Services*, 452 U.S. 18, 27, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981).
>
> Similarly, the Hawai'i Supreme Court has "affirm[ed], independent of the federal constitution, that parents have a substantive liberty interest in the care, custody, and control of their children protected by the due process clause of article [I], section 5 of the Hawai'i Constitution." *In re Doe*, 99 Hawai'i at 533, 57 P.3d at 458.  The Hawai'i Supreme Court further stated:
>
>> Parental rights guaranteed under the Hawai'i Constitution would mean little if parents were deprived of the custody of their children without a fair hearing.  Indeed, parents have a fundamental liberty interest in the care, custody, and management of their children and the state may not deprive a person of his or her liberty interest without providing a fair procedure for the deprivation. Furthermore, the [United States] Supreme Court has said that parental rights cannot be denied without an opportunity for them to be heard at a *meaningful time and in a meaningful manner*.
>
> *Id.* (brackets in original, internal quotation marks, and citations omitted).

In re TW, 124 Hawai'i at 473-74, 248 P.3d at 239-40.

Father was represented by counsel up to the start of the hearing on September 23, 2010. However, when Father's counsel made an oral motion to withdraw at the beginning of the hearing and the family court granted the motion, Father should have been provided additional time to request representation and should not have been defaulted for failing to appear.

On May 27, 2010, the family court had ordered Father's counsel to submit an ex parte motion to withdraw and provide Father with notice. Father's counsel was also ordered to provide Father with an application form to request appointment of counsel. There is nothing in the record to indicate that Father's counsel complied with the family court's order.

On August 26, 2010, Father's counsel had not yet filed a motion to withdraw, but stated to the family court that he would file one. Father's counsel represented to the family court that he had spoken with Father and Father would request appointed counsel or retain private counsel.

On September 23, 2010, Father's counsel made an oral motion to withdraw, rather than filing an ex parte motion to withdraw as the family court had previously instructed. There is nothing in the record to indicate that Father's counsel provided Father, who was not present because he was incarcerated in Arizona, with notice that counsel would move to withdraw on September 23, 2010.

It was an abuse of discretion by the family court to default Father for failing to appear at the September 23, 2010 hearing when his counsel's oral motion to withdraw was made and granted. In re Doe, 95 Hawaiʻi 183, 189-90, 20 P.3d 616, 622-23 (2001) (brackets in original omitted) ("The family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.").

### III. CONCLUSION

The Order Terminating Parental Rights of [Father] and [Mother] and Awarding Permanent Custody filed on September 29, 2010; the Letters of Permanent Custody filed on September 29, 2010; and the Findings of Fact filed on November 17, 2010, all in the Family Court of the Fifth Circuit, are vacated, and this case is remanded for further proceedings.

DATED: Honolulu, Hawai'i, November 10, 2011.

On the briefs:

Charles A. Foster
for Father-Appellant.

Mary Anne Magnier,
Jay K. Goss, and
Russell K. Goo
Deputy Attorneys General,
for Petitioner-Appellee
Department of Human Services.

Chief Judge

Associate Judge

Associate Judge

6